UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RODNEY NIGEL PHILLIPS, JR. ,

    Plaintiff,

v.                                              Case No.:   2:24-cv-203-SPC-NPM

HENDRY COUNTY JAIL, JONES, CROSWELL, STATE OF FLORIDA, REGINA EMILE, ADAM ROSENBURG, DEVOSHIA PARRIS and MAHGONY ALBORN,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Rodney Nigel Phillips, Jr.'s Complaint (Doc. 1). Phillips is a pretrial detainee in Lee County Jail, and he sues Defendants under 42 U.S.C. § 1983. The Court must screen the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

Much of Phillips Complaint is illegible. From what the Court can discern, Phillips is asking this Court to intervene in his state criminal case and order Defendants to dismiss the case and release Phillips from confinement. Phillips also requests passports for himself and several others, so he might also want the Court to help him flee the country.

Phillips cannot use § 1983 to challenge the pending state criminal case. Federal courts are not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Phillips provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine.

Nor can Phillips use § 1983 to sue individuals who are not state actors. To state a § 1983 claim, Phillips "must allege that a person acting under color of state law deprived him of a federal right." *McIndoo v. Broward Cnty.*, 750 F. App'x 816, 819 (11th Cir. 2018). State-appointed attorneys are not state actors under § 1983. *Id.* at 820 (citing *Vermont v. Brillon*, 556 U.S. 81 (2009)). And of course, neither are the two private citizens sued in Phillips' Complaint. Phillips could potentially sue the two correctional officers named in the Complaint under § 1983, but he does not state any coherent claim against them here.

Phillips' Complaint is frivolous. If Phillips is convicted, he may collaterally attack any resulting incarceration by filing a petition for habeas corpus after exhausting available state post-conviction remedies. And if Phillips believes jail officials or other state actors are violating his federal

2

rights, he may commence an action against them by filing a **legible** complaint that complies with the Federal Rules of Civil Procedure.

Accordingly, it is now

**ORDERED:**

This action is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to enter judgment, terminate any pending deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 7, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3